Whitaker, Judge,
concurring:
I agree that the practice of the General Accounting Office of allotting to the wife one-half of the joint income should not be applied in this case. The Chief Judge allots one-fourth of it to her. Whether this much, or more, should be allotted to her, I do not know; I do not know what part should be allotted to her. All the cash income came into the hands of the husband. What he did with it, I do not know.
Nor has any account been taken of the fact that the husband furnished his wife a dwelling place; and, I think it fair to assume that a substantial part of the food for the family was grown on the farm. There is simply no basis for comparison between the amount contributed by the son and the amount from other sources that went toward the mother’s support.
Certainly I think it is unrealistic to treat one-half of the cash income from the farm as having been used for her support. It was on this basis that the General Accounting Office determined that the dependency allowance had been erroneously paid plaintiff and ordered the recoupment of it from his future pay. This was unjustified. Until some better reason was found, the General Accounting Office should have left the parties as it found them.
When plaintiff filed his petition seeking the allowance for years subsequent to 1950, defendant filed a counterclaim, seeking to recover the payments made plaintiff for the years 1944 to 1950. To support this counterclaim, defendant would have had to show that plaintiff was not in fact Ms mother’s chief support. In my judgment the proof does not show whether he was or was not. Hence, defendant would not have been entitled to recover on its counterclaim. I do not think it can shift the burden of proof to plaintiff by deducting the amounts claimed in the counterclaim from the officer’s pay which accrued after the counterclaim was filed. When *151 the counterclaim was filed the matter was put into the hands of the court for adjudication; it was then too late for defendant to arrogate to itself the right to determine the matter submitted to the court for adjudication. Under such circumstances, the defendant had no authority to deduct these amounts from plaintiff’s pay, and, since the proof is inadequate for us to determine whether the plaintiff was in fact his mother’s chief support, defendant would not be entitled to recover on its counterclaim, and its deductions from the officer’s pay of amounts claimed therein being beyond its authority, under the circumstances herein presented, I think plaintiff is entitled to reimbursement of them.
What has been said as to defendant’s right to recover on its counterclaim does not apply to the years 1949 and 1950, for the reasons stated in the opinion of the Chief Judge.
For these reasons, I concur.